UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MYRON TATE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 3:16-CV-666-TAV-CCS |
| | ) |
| JONATHAN LEBO, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Now before the Court are the following motions: (1) Petitioner's motion for leave to proceed *in forma pauperis*[Doc. 12]; (2) Petitioner's a motion to supplement the § 2254 petition[Doc. 13]; (3) Respondent's third motion for extension of time to file response/reply [Doc. 20]; and (4) Respondent's motion to dismiss filed [Doc. 21]. The Court will address these motions in turn.

First, as to Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 12], the Court has already granted Petitioner leave to proceed *in forma pauperis* in this matter [Doc. 8]. Thus, Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 12] will be **DENIED as moot**.

Next, Petitioner's motion to supplement his § 2254 [Doc. 13] will be **GRANTED**. Also, in light of the lack of any opposition thereto, Respondent's third motion for extension of time to answer [Doc. 20] will be **GRANTED** *nunc pro tunc* as of March 17, 2016.

Respondent has also filed a motion to dismiss [Doc. 21]. Petitioner has not responded to this motion, and the time for doing so has passed. E.D. Tenn. L.R. 7.1(a). Accordingly, Plaintiff

has waived any opposition to this dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd*, 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. L.R. 7.2.

In his motion to dismiss, Respondent asserts that the Court should dismiss Petitioner's habeas petition because Petitioner currently has another petition for habeas corpus pending in state court regarding the second claim set forth in his § 2254 petition [Doc. 22 pp. 1–2]. Notably, in his § 2254 petition, Petitioner specifically asserts that he has presented the second claim set forth therein only in habeas proceedings in front of the convicting and sentencing court [Doc. 1 p. 9]. Petitioner also has not disputed Respondent's assertion that this habeas proceeding is still pending [Doc. 22 pp. 1–2].

Under Sixth Circuit law, federal courts should abstain from exercising jurisdiction over habeas corpus petitions "if the issues raised in the petition may be resolved . . . by other state procedures available to the petitioner." *Atkins v. People of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981). Such "[a]bstention . . . is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties." *Id.* As it appears that Petitioner has not exhausted the arguments in his habeas corpus petition in the state court, and the record does not suggest that any extraordinary circumstances exist, dismissal of this action is appropriate. *Smith v. Coleman*, 521 F. App'x 444, 451 (6th Cir. 2013) (affirming dismissal of a habeas claim for failure to exhaust the arguments therein in state court).

Accordingly, Respondent's motion to dismiss [Doc. 22] will be **GRANTED** and this action will be **DISMISSED without prejudice**.

The Court must now decide whether to grant Petitioner a certificate of appealability ("COA"). A COA should issue where a petitioner makes a "substantial showing of a denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This matter is being dismissed because Petitioner has not exhausted his state remedies as to the claims in his § 2254 petition, a procedural ground. Reasonable jurists could not find that this dismissal is debatable or wrong. The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24 that any appeal from this judgment by Petitioner would be frivolous and not taken in good faith. Accordingly, a certificate of appealability shall not issue and, should Petitioner file a notice of appeal, leave to appeal *in forma pauperis* will be **DENIED**.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE